Okey, J.
In charging an offense in an indictment, it is not good practice to omit the words of the statute which define the crime. The safer course is to employ them; and, while this is not always indispensable to the validity of the indictment, it is clear that if they are omitted the defect will be fatal, unless the words used are the precise equivalent of the words of the act, or, at least, plainly and necessarily include them. Spencer v. The State, 13 Ohio 401; Poage v. The State, 3 Ohio St. 229; Kennedy v. The State, 34 Ohio St. 310. Erom this it is not to be inferred that an indictment which simply pursues the language of the statute is sufficient, for in many cases something more is required. Lamberton v. The State, 11 Ohio, 282; Dillingham v. The State, 5 Ohio St. 280.
Here the prisoner was charged with breaking into a store-room, while the only structures of that general charac *270 ter specified in the statute are “ store-house ” and “ warehouse.” But a store-room is not necessarily either a storehouse or ware-house.
The indictment is insufficient, and the defect is not cue of form but of substance; hence, the objection is fatal, though not made until the verdict had been rendered.

Judgment reversed.